## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TRACYE CURRIE, Individually and** | ) | |
| **as Surviving Mother and Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **NODIANA ANTOINE, deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **1:05-CV-1610-BBM** |
| **CHEVRON U.S.A. INC.,** | ) | |
| **CHEVRON STATIONS INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW, Plaintiff Tracye Currie, by and through her undersigned counsel, and respectfully submits the following requested Jury Instructions:

## JURY INSTRUCTIONS

Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to decide the issues, and only those issues, that I submit for determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to the facts as you find them from the evidence.

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that may be admitted or agreed to by the parties.

In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case. But you should not speculate on any matters outside the evidence.

In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

The issues for your determination on the claim of TRACYE CURRIE (the Plaintiff), against CHEVRON U.S.A. INC. and CHEVRON STATIONS INC. (the Defendants), are whether the Defendants negligently caused the death of Nodiana Antoine (the deceased).

Negligence is the failure to use reasonable care.  Reasonable care is that degree of care which a reasonably careful person would use under like circumstances.  Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

If the greater weight of the evidence is against the Defendants, then your verdict should be for the Plaintiff. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred. Additionally, the Plaintiff must prove that the Defendants' negligence was both the legal and proximate cause of the damages complained of.

In order to be regarded as a legal cause of loss, injury or damage, negligence need not be its only cause. Negligence may also be a legal cause of loss, injury or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury or damage or the resulting loss, injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation

The Plaintiff also contends that the Defendants violated certain laws or ordinances, which included the following:

*Rules of the Safety Fire Commissioner*

*Chapter 120-3-11*

*Rules and Regulations for Flammable and Combustible Liquids*

**120-3-11-.01(2)**

The purpose of these rules and regulations is to provide precautionary and protective techniques that are reasonable and practicable measures for the prevention of injury to persons and property from the storage, transportation and handling of flammable and combustible liquids. These rules and regulations supersede former rules and regulations promulgated by the Georgia Safety Fire Commissioner pertaining to flammable and combustible liquids when such are in conflict with these rules and regulations.

**120-3-11-.07(2)(b)-(c)**

In addition to the requirements contained in Rules 120-3-11-.04, self-service dispensing of Class I motor fuels shall be permitted in accordance with Chapter 9 of NFPA 30A, (1996 Edition), subject to the following:

. . .

(b) A qualified attendant shall be at least 18 years of age, experienced with and physically able to perform the required duties, and not addicted to the user or under the influence of intoxicants, narcotics, or controlled substances. The attendant shall be familiar with all applicable State laws and provisions of this Chapter.

(c) While Class I liquids are being dispensed, the attendant shall not be assigned nor perform any duties that might cause distraction or prevention of properly supervising the dispensing of Class I liquids.

*National Fire Protection Association 30A*

*Automotive and Marine Service Station Code*

*1996 Edition*

**9-4.3**

All attended self-service stations shall have at least one attendant on duty while the station is open for business. The attendant's primary function shall be to supervise, observe, and control the dispensing of Class I liquids while said liquids are actually being dispensed.

### 9-4.4

It shall be the responsibility of the attendant to (1) prevent the dispensing of Class I liquids into portable containers not in compliance with Section 9-2, (2) prevent the use of hose nozzle valve latch-open devises that do not comply with 9-1.2, (3) control sources of ignition, and (4) immediately activate emergency controls and handle accidental spills and fire extinguishers if needed. The attendant or supervisor on duty shall be mentally and physically capable of performing the functions and assuming the responsibility prescribed in this section.

**9-4.7**

The dispensing area shall at all times be in clear view of the attendant, and the placing or allowing of any obstacle to come between the dispensing area and the attendant control area shall be prohibited. The attendant shall at all times be able to communicate with persons in the dispensing area.

Such violations are called negligence per se, which means negligence as a matter of law. It is your duty to decide whether such violations took place or not.

If you find for TRACYE CURRIE, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows were sustained as a result of the incident complained of.  You shall consider the following elements:

The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased if that person had lived.

You should consider the gross sum that the deceased would have earned to the end of life had the deceased not been killed, reduced to its present cash value in determining the amount of the full value of the life of the deceased. The full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had the deceased not been killed.

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to funeral expenses and medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

In actions such as this, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award (impose) punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

As to the issue of punitive damages, the plaintiff must prove that the she is entitled to relief by clear, convincing, and decisive evidence to a reasonable certainty. This is a different and higher burden of proof than a mere preponderance of the evidence.

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).

In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party. Your verdict must be based on the evidence that has been received in the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way. You should not speculate about how I might evaluate the testimony of any witness or any other evidence in this case, and you should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

When you retire to the jury room, you should select one of your members to act as foreman or forewoman to preside over your deliberations and sign your verdict. Your verdicts must be unanimous, that is, your verdict must be agreed to by each of you.

You will be given one (1) form of verdict, which I shall now read to you:

When you have agreed on your verdict, the foreman or forewoman acting for the jury, should date and sign the appropriate form of verdict. You may now retire to consider your verdict.

Respectfully submitted this <u>6</u><sup>th</sup> day of November, 2006.

Respectfully submitted,

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, L.L.C.

<u>/s/ Patrick B. Moore</u>
John M. Hudgins, IV
Georgia Bar No: 374125
Patrick B. Moore
Georgia Bar No. 520390
Shubhra R. Mashelkar
Georgia Bar No. 475388
950 East Paces Ferry Road, Suite 3000
Atlanta, GA 30326
(404)876-2700
(404)875-9433 – Fax
Counsel for Plaintiff TRACYE CURRIE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6th, 2006, I electronically filed *Plaintiff's Proposed Jury Instructions*, using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:


W. Ray Persons, Esq.
Halli D. Cohn, Esq.
Robert B. Friedman, Esq.
KING & SPALDING, LLP
1180 Peachtree Street
Atlanta, Georgia 30309

Dated:  November 6th, 2006.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

 /s/ Patrick B. Moore
Patrick B. Moore

950 East Paces Ferry Road, Suite 3000
Atlanta, Georgia  30326
404/876-2700 Telephone
404/875-9433 Facsimile