IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACYE CURRIE, Individually | ) | |
| And as Surviving Mother and Personal | ) | |
| Representative of the Estate of | ) | |
| NODIANA ANTOINE, deceased, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:05-CV-1610-BBM |
| CHEVRON U.S.A. INC. and | ) | |
| CHEVRON STATIONS INC., | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS' REQUESTS TO CHARGE

Defendants Chevron U.S.A. Inc. and Chevron Stations Inc. respectfully

submit the following Requests to Charge.

## Defendants' Request to Charge No. 1

### Consideration of Evidence

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence--that is, the testimony of witnesses and the exhibits I have admitted in the record--but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common send lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial I arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

*Source:* Eleventh Circuit Pattern Jury Instruction (Civil), Basic Instructions, No. 2.2.

## **Defendants' Request to Charge No. 2**

### Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

*Source:* Eleventh Circuit Pattern Jury Instruction (Civil), Basic Instructions, No. 3.

## Defendants' Request to Charge No. 3

Impeachment of Witnesses
Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said something or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep track in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Source:* Eleventh Circuit Pattern Jury Instruction (Civil), Basic Instructions, No. 4.1.

## Defendants' Request to Charge No. 4

### Burden of Proof

In this case it is the responsibility of the plaintiff to prove every essential part of her claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" means an amount of evidence which is enough to persuade you that the plaintiff's claims are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for Chevron as to that claim.

*Source:* Eleventh Circuit Pattern Jury Instruction (Civil), Basic Instruction, No. 6.1.

## **Defendants' Request to Charge No. 5**

### Negligence

In this case the plaintiff claims that Chevron was negligent and that such negligence was a proximate or "legal" cause of damage sustained by the plaintiff. Specifically, plaintiff claims that Chevron failed to take reasonable care for the safety of Nodiana Antoine.

In order to prevail on this claim the plaintiff must prove both of the following facts by a preponderance of the evidence:

First:      That Chevron was "negligent;" and

Second:   That such negligence was a proximate or "legal" cause of damage sustained by the plaintiff.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in <u>doing</u> something that a reasonably careful person would <u>not</u> do under like circumstances, or in <u>failing</u> to do something that a reasonably careful person <u>would</u> do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the plaintiff's claim, then your verdict should be for the defendants. If, however, a preponderance of the evidence does support the plaintiff's claim, you will then consider the defenses raised by the defendants.

The defendants contend that Nodiana Antoine was also negligent and that such negligence was a legal cause of her own injury. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the defendants who must establish:

<u>First</u>:  That Nodiana Antoine was also "negligent;" and

<u>Second</u>:  That such negligence was a "legal cause" of Nodiana Antoine's injury.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues]

Finding in favor of the defendants on this defense will not necessary prevent recovery by the plaintiff, it may only reduce the amount of the plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of Nodiana Antoine--that Nodiana Antoine's negligence was, for example, 25% responsible for her injuries--then you would fill in that percentage as your finding on the special verdict form I will explain in a moment.  Such a finding would not prevent the plaintiff from recovery; the Court will merely reduce the plaintiff's total damages by the percentage that you insert.

On the other hand, if you find that Nodiana Antoine's negligence equaled or exceeded the defendants' negligence, then the plaintiff cannot recover at all.  In other words, if you find that Nodiana Antoine was responsible for 50% or more of the damages, then you have found that Nodiana Antoine's negligence equaled or exceeded the defendants' negligence, in which case the plaintiff is barred from recovery.

*Source:* Eleventh Circuit Pattern Jury Instruction (Civil), State Claims Instructions, No. 6.1.

## Defendants' Request to Charge No. 6

<u>Intervening Criminal Act</u>

Under Georgia law, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury superseding any negligence of the defendants, unless the intervening criminal act is reasonably foreseeable.

*Source:*  <u>Thomas v. Food Lion, LLC,</u> 256 Ga. App. 880, 576 S.E.2d 18 (2002); <u>Strickland v. DeKalb Hosp. Auth.,</u> 197 Ga. App. 63, 67, 197 S.E.2d 576, 580 (1990).

## Defendants' Request to Charge No. 7

### Proximate Cause

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

*Source:* Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases, Instruction 60.200; O.C.G.A. § 51-12-3; O.C.G.A. § 51-12-8; O.C.G.A. § 51-12-9.

## Defendants' Request to Charge No. 8

### Proprietor's Liability for Third-Party Criminal Act

The general rule is that a proprietor does not insure visitors' safety against third-party criminal acts.  Liability for injuries caused by third-party criminal acts must be predicated on a breach of duty to exercise ordinary care to protect visitors against such criminal acts.  This duty extends only to foreseeable criminal acts.

*Source*:  Sturbridge Partners Ltd. v. Walker, 267 Ga. 785-86; 482 S.E.2d 339 (1997); Days Inn of America, Inc. v. Matt, 265 Gs. 235, 236, 454 S.E.2d 507 (1995); Doe v. Briargate Apts., Inc., 227 Ga. App. 408, 489 S.E.2d 170 (1997).

## **Defendants' Request to Charge No. 9**

### Foreseeability of Criminal Act

If a criminal act causing injury is to be foreseeable, it must be substantially similar in type to previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers or visitors against the risk posed by that type of activity.  The requirement is not that the prior criminal activity be identical to that in issue.  Stated otherwise, a criminal act by a third party may be foreseeable if the incident causing the injury is substantially similar to previous criminal activities occurring on or near the premises at issue in such a way as to prompt a reasonable owner or occupier of the premises to take ordinary precautions to protect his or her customers or visitors against the risk of harm posed by the potential for such criminal act.

In order to be "substantially similar", Georgia law requires that the circumstances surrounding the prior incident be sufficiently similar to attract the proprietor's attention to the alleged dangerous condition which resulted in the attack on the plaintiff.  In determining whether previous acts are substantially similar to the occurrence causing harm, you must look to the location, nature, and extent of the previous criminal acts and their likeness, proximity, or other relationship to the crime in question.

*Source*:  Rice v. Six Flags Over Georgia, LLC., 257 Ga. App. 864, 572 S.E.2d 322, 326 (2002); Sturbridge Partners Ltd. v. Walker, 267 Ga. 785-86; 482 S.E.2d 339 (1997);  Burnett v. Stagner Hotel Courts, Inc. d/b/a Holiday Inn Northwest, 821 F. Supp. 678 (N.D. Ga. 1993), affirmed 42 F.3d 645 (11th Cir. 1994).

## Defendants' Request to Charge No. 10

### Superior Knowledge

Breach of duty alone does not make a defendant liable in negligence. The true ground of liability is superior knowledge of the proprietor of the existence of an unreasonable risk of harm to the invitee. It is when the danger is known to the owner or occupant and not known to the person injured that a recovery is permitted.

In other words, if Nodiana Antoine had equal or superior knowledge of danger and failed to exercise ordinary care, Chevron cannot be liable.

*Source:* Garnett v. Mathison, 179 Ga. App. 242, 243, 345 S.E.2d 919, 920 (1986); Griffin v. AAA Auto Club South, Inc., 221 Ga. App. 1, 2, 470 S.E.2d 474, 476 (1996); Cook v. Micro Craft, Inc., 262 Ga. App. 434, 438, 585 S.E.2d 628, 631 (2003); Britt v. Kelly & Picerne, Inc., 258 Ga. App. 843, 845, 575 S.E.2d 732, 734-35 (2002); Rice v. Six Flags Over Ga., LLC, 257 Ga. App. 864, 868, 572 S.E.2d 322, 327 (2002).

## Defendants' Request to Charge No. 11

### Duty to Exercise Care for Own Safety

Every person has a duty to use ordinary care for his or her own safety. If you should determine from the evidence that Nodiana Antoine failed to use ordinary care and that this failure was the sole proximate cause of her injuries, then Chevron cannot be held liable.

*Source:* Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases, Instruction 60.110 (modified).

## Defendants' Request to Charge No. 12

### Assumption of Risk

If a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care of one's own safety, that person cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of the other person.

*Source:* Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases, Instruction 60.130; Southland Butane Ga. Co. v. Blackwell, 211 Ga. 665 (1955); Little Rapids Corp. v. McCamy, 218 Ga. App. 111 (1995).

## Defendants' Request to Charge No. 13

### Avoidance of Consequences

If Nodiana Antoine, by the exercise of ordinary care, could have avoided the consequences caused by Chevron's negligence, if any, then Chevron cannot be help liable.

Antoine's duty to exercise ordinary care to avoid the consequences of Chevron's negligence, if any, does not arise until Chevron's negligence exists and Antoine knew or, in the exercise of ordinary care, should have known of such negligence.

If you find that Antoine could not have avoided the consequences caused by Chevron's negligence, then Chevron is not relieved of liability.

*Source*: Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases, Instruction 60.120 (modified); O.C.G.A. § 51-11-7; Kreiss v. Allatoona Landing Inc., 108 Ga. App. 427, 442, 133 S.E.2d 602 (1963); Bloch v. Herman's Sporting Goods, Inc., 208 Ga. App. 280, 281, 430 S.E.2d 86 (1991).

## <u>Defendants' Request to Charge No. 14</u>

<u>Sympathy</u>

Your verdict should be a true verdict based upon your opinion of the evidence according to the laws given to you in this charge.  You are not to show favor or sympathy to one party or the other.  It is your duty to consider the facts objectively without favor, affection, or sympathy to either party

*Source:*  Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases, Instruction 02.550; O.C.G.A. § 15-12-138.

## Defendants' Request to Charge No. 15

<u>Duty to Deliberate</u>

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Source:* Eleventh Circuit Pattern Jury Instruction (Civil), Basic Instructions, No. 7.1.

## <u>ADDITIONAL REQUESTS TO CHARGE</u>

 Chevron contends that the following jury charges, regarding negligence *per se*, compensatory damages, and punitive damages, should not be propounded to the jury because they are not supported by the expected evidence.  However, in the event the Court determines that instructions on these topics should be given, Chevron proposes that the following instructions be given.

## Defendants' Additional Proposed Instruction No. A1

<u>Negligence per se</u>

The plaintiff contends that the Chevron violated certain regulations regarding the operation of service stations. Such violation is called negligence per se, which means negligence as a matter of law. It is your duty to decide whether such violation took place or not. Even if you determine that a violation occurred that constituted negligence per se, plaintiff must still prove proximate cause and actual damage in order to recover on a claim of negligence per se.

*Source:* Georgia Suggested Pattern Jury Instructions Volume 1: Civil Cases, Instruction 60.050; <u>Central Anesthesia Assoc. v. Worthy</u>, 254 Ga. 728, 333 S.E.2d 829 (1985).

## Defendants' Additional Proposed Instruction No. A2

### Service Station Regulations

The Georgia Safety Fire Commissioner has adopted the following regulations regarding the operation of attended self-service gas stations:

9-4.3. The attendant's primary function shall be to supervise, observe, and control the dispensing of Class I liquids while said liquids are actually being dispensed.

9-4.4.  It shall be the responsibility of the attendant to (1) prevent the dispensing of Class I liquids into portable containers not in compliance with these regulations; (2) prevent the use of hose nozzle vale latch-open devices that do not comply with these regulations; (3) control sources of ignition; and (4) immediately activate emergency controls and handle accidental spills and fire extinguishers if needed.  The attendant shall be mentally and physically capable of performing the functions and assuming the responsibilities described in this section.

9-4.7.  The dispensing area shall at all times be in clear view of the attendant, and the placing of any obstacle to come between the dispensing area and the attendant control area shall be prohibited.  The attendant shall at all times be able to communicate with persons in the dispensing area.

In addition, the Georgia Safety Fire Commissioner has promulgated the following regulation regarding the operation of attended self-service gas stations:

120-3-11-.07(b).  A qualified attendant shall be at least 18 years of age, experienced with and physically able to perform the required duties, and not addicted to the use or under the influence of intoxicants, narcotics, or controlled substances.  The attendant shall be familiar with all applicable State laws and provisions of this Chapter.

120-3-11-.07(c).  While Class I liquids are being dispensed, the attendant shall not be assigned nor perform any duties that might cause distraction or prevention of properly supervising the dispensing of Class I liquids.

## <u>Defendants' Addition Proposed Instruction No. A3</u>

### <u>Compensatory Damages:  General</u>

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

*Source:*  Georgia Suggested Pattern Jury Instructions Volume 1: Civil Cases, Instruction 66.000.

## <u>Defendants' Additional Proposed Instruction No. A4</u>

<u>Compensatory Damages:  Full Value of the Life</u>

 The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased if that person had lived.

 You should consider the gross sum that the deceased would have earned to the end of life had the deceased not been killed, reduced to its present cash value in determining the amount of the full value of the life of the deceased. The full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had the deceased not been killed.

*Source:*  Georgia Suggested Pattern Jury Instructions Volume 1: Civil Cases, Instruction 66.304.

## Defendants' Additional Proposed Instruction No. A5

### Compensatory Damages:  Pain and Suffering

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

*Source:*  Georgia Suggested Pattern Jury Instructions Volume 1: Civil Cases, Instruction 66.501.

## Defendants' Additional Proposed Instruction No. A6

### Damages:  Punitive Liability

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award (impose) punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).

If the plaintiff fails to prove, by clear and convincing evidence, that the defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award of punitive damages.

Punitive damages, when authorized, are awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide that the plaintiff should receive punitive damages.

*Source:*  Georgia Suggested Pattern Jury Instructions Volume 1: Civil Cases, Instructions 66.700, 66.701, 66.702, 02.040.

## **Defendants' Additional Proposed Instruction No. A7**

<u>Punitive Damages:  Intent to Harm</u>

If you decide to award punitive damages, you should further specify whether you find that the defendant acted with specific intent to cause harm. A party possesses specific intent to cause harm when that party desires to cause the consequences of its act or believes that the consequences are substantially certain to result from it.  Intent is always a question for the jury.  It may be shown by direct or circumstantial evidence.

Intent is ordinarily ascertained from acts and conduct. You may not presume the defendant acted with specific intent to harm, but intent may be shown in many ways, provided you, the jury, find that it existed from the evidence produced. The jury may find such intent, or the absence of it, upon consideration of the words, conduct, demeanor, motive, and all the other circumstances connected with the alleged act.

*Source:*  Georgia Suggested Pattern Jury Instructions Volume 1: Civil Cases, Instructions 66.711, 66.712.

**<u>Defendants' Additional Proposed Instruction No. A8</u>**

**(To be read during punitive phase only)**

<u>Punitive Damages: Amount</u>

You have decided to award punitive damages. Next you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial. (You should also bear in mind that the plaintiff's injury has been made whole by your award of compensatory damages). The sole purpose of punitive damages is to punish, penalize, or deter the defendant, and the amount you award should reflect that purpose only.

If you find that a particular defendant engaged in conduct that was intentional, outrageous, or reckless and determine that some amount of punitive damages should be awarded to the plaintiff, then it will be your task to set an amount that is appropriate. You may award only such an amount as you determine is necessary to punish the defendant for the particular conduct that injured the plaintiff and to discourage the defendant and others from acting in a similar way in the future. Because punitive damages would constitute a payment to the plaintiff that is greater than the actual damages he suffered, they are not favored in the law. They should be imposed only where and to the extent necessary to achieve just punishment and adequate deterrence. In the event that you decide to award punitive damages, you should award the lowest amount necessary to accomplish these purposes.

You should only award punitive damages if the defendant was given fair notice of both the conduct that might subject it to punishment and the severity of the punishment that might be imposed. In determining the amount of any award of punitive damages against a particular defendant, you should consider:

(1)  The degree of reprehensibility of the defendant's misconduct that caused the plaintiff's harm;

(2)  The disparity between the amount of harm suffered by the plaintiff and the size of the punitive damages award, keeping in mind that any punitive damages award must bear a reasonable relationship to the damage actually suffered by the plaintiff as a result of the defendant's conduct; and

(3)  The difference between the punitive damages award and the civil penalties authorized or imposed for comparable conduct, keeping in mind that any punitive damages award must not be excessive compared to the civil penalties available for comparable conduct.

I have instructed you that one of the factors that you should consider in setting punitive damages is the reprehensibility of the defendant's conduct that caused the plaintiff's injury.  Reprehensibility is a matter of degree.  Not all conduct that is subject to punishment is equally wrongful or deserving of the same punishment.  You should consider how blameworthy each particular defendant's conduct was in deciding how much punishment that conduct deserves, if any.  In determining whether punitive damages are necessary to punish and deter each defendant from committing misconduct in the future, and, if so, how much is necessary, you should consider all of the circumstances, including any mitigating circumstances that may negate the need for punitive damages or reduce the amount of punitive damages that should be awarded.  You may not impose punitive damages based on any argument, claim, belief, or possibility that a defendant's conduct caused harm to persons other than the plaintiff in this case.  Furthermore, because this commonwealth only has a legitimate concern in imposing punitive damages to punish a defendant for, or deter a defendant from, unlawful acts committed within this commonwealth, you may not impose punitive damages against any defendant for conduct that occurred outside this commonwealth or for the purpose of changing a defendant's conduct in another state.  Additionally, in deciding whether to assess punitive damages, if any, you may only consider the specific misconduct that formed the basis of your finding of liability against a particular defendant; you may not punish any defendant for any other conduct unless the plaintiff has proved by a preponderance of the evidence that it has some nexus – that is some connection – to his injuries.  A defendant's dissimilar conduct, independent from the acts upon which you based your finding of liability to the plaintiff, may not serve as a basis for punitive damages.  A defendant should be punished only for the conduct that harmed the plaintiff, not for being an unsavory individual or business.

The amount of punitive damages awarded, if any, must bear a reasonable relationship or proportion to the harm to the plaintiff in this case caused by the particular defendant's punishable conduct.  Since your award of compensatory damages in this case represents the harm to the plaintiff, punitive damages must bear a reasonable relationship or proportion to the compensatory damages you decided to award to the plaintiff against each defendant.  While there need not be any particular ratio or relationship between the amount of compensatory damages

and punitive damages, if any, the ratio or relationship between them must be reasonable.

When, as here, compensatory damages are substantial, a punitive award equal to the compensatory award may well approach the maximum award allowed, in which case you may not award punitive damages in an amount greater than the amount of compensatory damages.

You should determine the appropriate amount of punitive damages, if any, solely by considering the factors about which I have already instructed you – the character of the defendant's punishable conduct and the degree of harm such conduct caused to the plaintiff. You may not impose a larger punitive award than you otherwise would simply because the defendant is a large corporation with substantial wealth, income, revenues, or financial resources. Even outrageous conduct by a defendant cannot support a grossly excessive or arbitrary award of punitive damages, regardless of the size or wealth of the defendant. Punitive damages are intended to punish and deter, not to destroy. You should only consider the defendant's financial condition in order to insure that any award you impose does not exceed the defendant's current ability to pay. To determine this, you should evaluate each defendant's financial condition only at the time you render your verdict. Any punitive award must be such that the defendant could pay in one lump sum, without the burden financially destroying the defendant; you may not assume that a defendant would be allowed to pay over time in an installment plan. Further, you may only consider that portion of each defendant's [net worth/net income/net profits] resulting from its business in this commonwealth , and not in other states or other countries. A defendant's financial condition must not be considered in assessing compensatory damages.

If you find that the plaintiff is entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.

*Source:* Georgia Suggested Pattern Jury Instructions Volume 1: Civil Cases, Instruction 66.740; State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996); Honda Motor Co. v. Oberg, 512 U.S. 415, 432 (1994); TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443 (1993); Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991); Smith v. Wade, 461 U.S. 30, 52 (1983); In re Exxon Valdez, 270 F.3d 1215, 1242 (9th Cir. 2001); Continental Tread Res., Inc. v. OXY USA, Inc., 101 F.3d 634, 641 (10th Cir. 1996); Liggett Group, Inc. v. Engle, 853 So. 2d 434 (Fla. Dist. Ct. App. 2003).

This 6th day of November, 2006.

/s/ W. Ray Persons
W. Ray Persons
  Georgia Bar No. 573525
Halli D. Cohn
  Georgia Bar No. 175505
Robert B. Friedman
  Georgia Bar No. 277711

*Attorneys for Defendants*
*Chevron U.S.A. Inc. and*
*Chevron Stations Inc.*

KING & SPALDING
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
E-mail: rpersons@kslaw.com
E-mail: hcohn@kslaw.com
E-mail: rfriedman@kslaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACYE CURRIE, Individually | ) | |
| And as Surviving Mother and Personal | ) | |
| Representative of the Estate of | ) | |
| NODIANA ANTOINE, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:05-CV-1610-BBM |
| | ) | |
| CHEVRON U.S.A. INC. and | ) | |
| CHEVRON STATIONS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2006, I electronically filed

DEFENDANTS' REQUESTS TO CHARGE with the Clerk of Court using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorneys of record:

Bruce M. Trybus
John Melton Hudgins, IV
Patrick B. Moore
Shubhra R. Mashelkar

This 6th day of November, 2006.

/s/ W. Ray Persons
W. Ray Persons