## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TRACYE CURRIE, Individually and** | ) | |
| **as Surviving Mother and Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **NODIANA ANTOINE, deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **1:05-CV-1610-BBM** |
| **CHEVRON U.S.A. INC.,** | ) | |
| **CHEVRON STATIONS INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

COMES NOW, Plaintiff Tracye Currie, by and through her undersigned counsel, and respectfully submits the following requested Jury Instructions:

## **Plaintiff's Request to Charge No. 1**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

11th Circuit Pattern Jury Instructions (Civil), Basic Instructions, No. 2.2.

2

**<u>Plaintiff's Request to Charge No. 2</u>**

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Every person shall be liable for torts committed by his servant by his command or in the prosecution and within the scope of business, whether the same are committed by negligence or voluntarily. Under the principle of *respondeat superior*, an employer is liable for the negligent acts of an employee undertaken in furtherance of and within the scope of the employer's business.

In other words, Chevron U.S.A. Inc. and Chevron Stations Inc. are liable for the actions of its employees, including Jyotika Shukla.

O.C.G.A. § 51-2-2

<u>Travis Pruitt & Assoc., P.C. v. Hooper</u>, 277 Ga. App. 1, 3, 625 S.E.2d 445, 448 (2005).

**Plaintiff's Request to Charge No. 3**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said something or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

11th Circuit Pattern Jury Instructions (Civil), Basic Instructions, No. 4.1.

## **Plaintiff's Request to Charge No. 4**

The jury must determine the credibility of the witnesses. In deciding this, you may consider all the facts and circumstances of the case, including the witnesses' manner of testifying, their intelligence, means and opportunity of knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or lack of interest, and their personal credibility as you observe it.

O.C.G.A. §§ 24-9-80, 24-4-4.

Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

**<u>Plaintiff's Request to Charge No. 5</u>**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

11th Circuit Pattern Jury Instructions (Civil), Basic Instructions, No. 5.1.

## **Plaintiff's Request to Charge No. 6**

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions, which reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

11th Circuit Pattern Jury Instructions (Civil), Basic Instructions, No. 2.2.

**<u>Plaintiff's Request to Charge No. 7</u>**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instructions (Civil), Basic Instructions, No. 3.

**Plaintiff's Request to Charge No. 8**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

11th Circuit Pattern Jury Instructions (Civil), Basic Instructions, No. 4.1.

### **Plaintiff's Request to Charge No. 9**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

11th Circuit Pattern Jury Instructions (Civil), Basic Instructions, No. 6.1.

### Plaintiff's Request to Charge No. 10

The issues for your determination on the claim of TRACYE CURRIE (the Plaintiff), against CHEVRON U.S.A. INC. and CHEVRON STATIONS INC. (the Defendants), are whether the Defendants negligently caused the death of Nodiana Antoine (the deceased).

Plaintiff must prove that Defendants were negligent in one or more ways alleged in order to recover.  It is not necessary for Plaintiff to prove that Defendants were negligent in every way that Plaintiff claims.

Negligence is the failure to use reasonable care.  Reasonable care is that degree of care which a reasonably careful person would use under like circumstances.  Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred.  Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause,

or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If the greater weight of the evidence is against the Defendants, then your verdict should be for the Plaintiff. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

11th Circuit Pattern Jury Instructions (Civil), State Claims Instructions, No. 6.1.

Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

General Seat, etc., Co. v. Bergen & Sons Inc., 91 Ga. App. 431-33 (1955).

## **Plaintiff's Request to Charge No. 11**

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred.  Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.


Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

O.C.G.A. §§ 51-12-3, 51-12-8, 51-12-9.

## **Plaintiff's Request to Charge No. 12**

When two or more causes operate directly or happen together in bringing about an injury, there can be a recovery against one or all of the responsible parties.  The mere fact that the injury would not have been sustained if only one of the acts of negligence had occurred does not of itself prevent (or limit) the other act from constituting the proximate cause.  If all acts of negligence contributed directly and concurrently or together in bringing about the injury, they together constitute the proximate cause.

Tallman v. Green, 74 Ga. App. 731, 734 (1947).

Gosser v. Diplomat Restaurant, Inc., 125 Ga. App. 620, 624 (1972).

Clyde v. Peterson, 232 Ga. App. 589 (1998).

## Plaintiff's Request to Charge No. 13

A person who enters the premises of another for any purpose connected with the business of the owner or occupier is an invitee, and the owner or occupier of the premises owes that person the duty to exercise ordinary care in keeping the premises safe. That duty would extend to all portions of the premises that are reasonably necessary for the invitee to use in the course of the business for which the invitation was given.

Coffer v. Bradshaw, 46 Ga. App. 143(6) (1932).

Higdon v. Georgia Winn-Dixie, Inc., 112 Ga. App. 500, 504 (1965).

Fender v. Colonial Stores, Inc., et al., 138 Ga. App. 31, 36 (1976).

## **Plaintiff's Request to Charge No. 14**

When the owner or occupier of land, by express or implied invitation, induces or leads others to come upon the premises for any lawful purpose, then the owner is liable in damages to such persons for injuries caused by the failure to exercise ordinary care in keeping the premises and approaches safe.

O.C.G.A. § 51-3-1.

Sutton v. Sutton, 145 Ga. App. 22, 24 (1978).

## Plaintiff's Request to Charge No. 15

Georgia tort law recognizes that if a proprietor has reason to anticipate or foresee a criminal act, he then has a duty to exercise ordinary care to guard against injury from dangerous characters.

The standard of foreseeability is whether the acts or injuries should have been foreseeable. It is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result.

Foreseeability may be established by showing substantially similar previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers against the risk posed by that type of activity. In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is

that the prior incident be sufficient to attract the landlord's attention to the dangerous condition which resulted in the litigation.

A showing of prior similar incidents on a proprietor's premises is not always required to establish that a danger was reasonably foreseeable. Foreseeability can also arise from an impending criminal act or specific events leading to injury. Foreseeability should not depend upon the fortuity of a prior crime when the potential for criminal activity is apparent to everyone.

O.C.G.A. § 51-3-1.

Lipham v. Federated Dep't Stores, Inc., 263 Ga. 865, 866, 440 S.E.2d 193 (1994).

Sturbridge Partners, Ltd. v. Walker, 267 Ga. 785, 786, 482 S.E.2d 339, 341 (1997).

Wade v. Findlay Mgmt., Inc., 253 Ga. App. 688, 689 (2002).

Wallace v. Sears, Roebuck & Co., 196 Ga. App. 221, 222, 396 S.E.2d 41 (1990).

Good Ol' Days Downtown v. Yancey, 209 Ga. App. 696, 434 S.E.2d 740 (1993).

Confetti Atlanta, Ltd. V. Gray, 202 Ga. App. 241 (1991).

## **Plaintiff's Request to Charge No. 16**

For an intervening act of a third party such as Muhammad to become the sole proximate cause of a plaintiff's injuries, the intervening act must not have been foreseeable by Defendant, must not have been triggered by Defendant's act, and must have been sufficient [by] itself to cause the injury.

Ontario Sewing Machine Co., Ltd. v. Smith, 572 S.E.2d 533, 536 (2002).

## **Plaintiff's Request to Charge No. 17**

Under Georgia law, an employer is bound to exercise ordinary care in the selection of employees. The selection of incompetent servants is an act of negligence as will authorize a cause of action in favor of any person who is injured as the direct and proximate result thereof.

When an incompetent employee is hired for a particular position, it is reasonably foreseeable that such employee may injure others in the negligent performance of the duties of that position and accordingly an employer may be held liable for injuries caused by the negligent performance of the incompetent employee where evidence shows the employer knew or should have discovered that incompetency.

O.C.G.A. § 34-7-20.

Elrod v. Ogles, 78 Ga. App. 396, 50 S.E.2d 791 (1948).

Parry v. Davison-Paxon Co., 87 Ga. App. 51, 73 S.E.2d 59 (1952).

Munroe v. Universal Health Serv. Inc., 277 Ga. 861, 862-63, 596 S.E.2d 604 (2004).

**<u>Plaintiff's Request to Charge No. 18</u>**

Georgia law imposes liability on a party if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent.

The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages.

<u>Thomason v. Harper</u>, 162 Ga. App. 441 , 289 S.E.2d 773 (1982).

<u>Gunn v. Booker</u>, 259 Ga. 343, 381 S.E.2d 286 (1989).

**<u>Plaintiff's Request to Charge No. 19</u>**

The Plaintiff also contends that the Defendants violated certain laws or ordinances, which included the following:

*Rules of the Safety Fire Commissioner*

*Chapter 120-3-11*

*Rules and Regulations for Flammable and Combustible Liquids*

**120-3-11-.01(2)**

The purpose of these rules and regulations is to provide precautionary and protective techniques that are reasonable and practicable measures for the prevention of injury to persons and property from the storage, transportation and handling of flammable and combustible liquids. These rules and regulations supersede former rules and regulations promulgated by the Georgia Safety Fire Commissioner pertaining to flammable and combustible liquids when such are in conflict with these rules and regulations.

**120-3-11-.07(2)(b)-(c)**

In addition to the requirements contained in Rules 120-3-11-.04, self-service dispensing of Class I motor fuels shall be permitted in accordance with Chapter 9 of NFPA 30A, (1996 Edition), subject to the following:

. . .

22

(b) A qualified attendant shall be at least 18 years of age, experienced with and physically able to perform the required duties, and not addicted to the user or under the influence of intoxicants, narcotics, or controlled substances. The attendant shall be familiar with all applicable State laws and provisions of this Chapter.

(c) While Class I liquids are being dispensed, the attendant shall not be assigned nor perform any duties that might cause distraction or prevention of properly supervising the dispensing of Class I liquids.

*National Fire Protection Association 30A*

*Automotive and Marine Service Station Code*

*1996 Edition*

**9-4.3**

All attended self-service stations shall have at least one attendant on duty while the station is open for business. The attendant's primary function shall be to supervise, observe, and control the dispensing of Class I liquids while said liquids are actually being dispensed.

**9-4.4**

It shall be the responsibility of the attendant to (1) prevent the dispensing of Class I liquids into portable containers not in compliance with Section 9-2, (2) prevent the use of hose nozzle valve latch-open devises that do not comply with 9-

1.2, (3) control sources of ignition, and (4) immediately activate emergency controls and handle accidental spills and fire extinguishers if needed. The attendant or supervisor on duty shall be mentally and physically capable of performing the functions and assuming the responsibility prescribed in this section.

### 9-4.7

The dispensing area shall at all times be in clear view of the attendant, and the placing or allowing of any obstacle to come between the dispensing area and the attendant control area shall be prohibited. The attendant shall at all times be able to communicate with persons in the dispensing area.

Such violations are called negligence per se, which means negligence as a matter of law. It is your duty to decide whether such violations took place or not.

Georgia Suggested Patter Jury Instructions Volume I: Civil Cases.

Central R.R. & Banking Co. v. Smith, 78 Ga. 694 (1886).

Wilson v. Georgia Power & Light Co., 200 Ga. 207, 208 (1946).

Ford Motor Co. v. Carter, 239 Ga. 647, 662 (1977).

## <u>Plaintiff's Request to Charge No. 20</u>

Damages are given as pay or compensation for injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.


Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases

O.C.G.A. § 51-12-9.

O.C.G.A. § 51-12-4.

**<u>Plaintiff's Request to Charge No. 21</u>**

If you find for TRACYE CURRIE, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows were sustained as a result of the incident complained of.  You shall consider the following elements:

The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased if that person had lived.

You should consider the gross sum that the deceased would have earned to the end of life had the deceased not been killed, reduced to its present cash value in determining the amount of the full value of the life of the deceased.  The full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had the deceased not been killed.


Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

O.C.G.A. § 51-4-1.

<u>Pollard v. Boatright</u>, 57 Ga. App. 565 (1938).

<u>City of Macon v. Smith</u>, 117 Ga. App. 363, 375 (1968).

Rhodes v. Baker, 116 Ga. App. 157, 162 (1967).

Elsberry v. Lewis, 140 Ga. App. 324 (1976).

**<u>Plaintiff's Request to Charge No. 22</u>**

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

If you find that Plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe Plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that Plaintiff is receiving a present cash award for damages not yet suffered.


Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

<u>Western, etc., Railroad Co. v. Young</u>, 83 Ga. 512, 515 (1889).

<u>Redd v. Peters</u>, 100 Ga. App. 316 (1959).

<u>Southern Railway Co. v. Bottoms</u>, 35 Ga. App. 804 (1926).

<u>Brock v. Cato</u>, 75 Ga. App. 79, 82 (1947).

<u>Williams v. Vinson</u>, 104 Ga. App. 886, 893 (1961).

<u>Shore v. Ferguson</u>, 142 Ga. 657 (1914).

<u>Everett v. Holmes</u>, 126 Ga. App. 208 (1972).

## **Plaintiff's Request to Charge No. 23**

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to funeral expenses and medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

O.C.G.A. § 51-12-7.

Georgia Power Co. v. Clark, 69 Ga. App. 273 (1943).

Georgia Railway and Power Co. v. Ryan, 24 Ga. App. 290 (1919).

## **Plaintiff's Request to Charge No. 24**

In actions such as this, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award (impose) punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences.  The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

## **Plaintiff's Request to Charge No. 25**

As to the issue of punitive damages, the plaintiff must prove that the she is entitled to relief by clear, convincing, and decisive evidence to a reasonable certainty.  This is a different and higher burden of proof than a mere preponderance of the evidence.

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability.  Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).


Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

Clarke v. Cotton,  263 Ga. 861 (1994).

Yablon v. Metropolitan Life Ins. Co., 200 Ga. 693 (1946).

Wall, et al. v. Wood, 174 Ga. 508 (1931).

Liberty National Bank and Trust Co., et al. v. Diamond, 229 Ga. 677 (1972).

Freeman v. Saxton, 243 Ga. 571 (1979).

## Plaintiff's Request to Charge No. 26

Your verdict must be unanimous.  One of your first duties in the jury room will be to select one of your number to act as foreperson, who will preside over your deliberations and who will sign the verdict to which all twelve of you freely and voluntarily agree.

You should start your deliberations with an open mind.  Jurors should carefully consider all the evidence in the case and deliberate with a view toward reaching a unanimous verdict consistent with your consciences and oaths as jurors. Avoid premature, fixed opinions.  Consult with one another and consider each other's views.  Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors.  Do not hesitate to change an opinion if convinced that it is wrong.  However, you should never surrender honest convictions or opinions in order to be congenial or to reach a verdict solely because of the opinions of the other jurors.

You may go now to the jury room, but do not begin your deliberations until I send you the pleadings, exhibits, and verdict form, which I will do shortly.  Then you may begin your deliberations.

Georgia Suggested Pattern Jury Instructions Volume I: Civil Cases.

Respectfully submitted this 10th day of November, 2006.

Respectfully submitted,

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, L.L.C.

/s/ Shubhra R. Mashelkar
John M. Hudgins, IV
Georgia Bar No: 374125
Patrick B. Moore
Georgia Bar No. 520390
Shubhra R. Mashelkar
Georgia Bar No. 475388
950 East Paces Ferry Road, Suite 3000
Atlanta, GA 30326
(404)876-2700
(404)875-9433 – Fax
Counsel for Plaintiff TRACYE CURRIE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2006, I electronically filed *Plaintiff's Supplemental Proposed Jury Instructions*, using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

W. Ray Persons, Esq.
Halli D. Cohn, Esq.
Robert B. Friedman, Esq.
KING & SPALDING, LLP
1180 Peachtree Street
Atlanta, Georgia 30309

Dated:  November 10, 2006.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

 /s/ Shubhra R. Mashelkar
Shubhra R. Mashelkar

950 East Paces Ferry Road, Suite 3000
Atlanta, Georgia  30326
404/876-2700 Telephone
404/875-9433 Facsimile